*Curia, per Savage, Ch. J.
Unless there is some magic in the plea of a voluntary return, this is a v,ery plain case. The plaintiff declares setting out one escape; the defendant pleads to that escape, a voluntary return before suit brought. On the trial, the plaintiff proves an escape on the 26th of August, 1826, and the defendant answers by saying, that thirteen days previous, he (the prisoner) escaped, and was absent eight hours, and then returned again on the same day into custody.
This is clearly no defence, unless there is a technical difficulty arising out of the state of the pleadings. It is argued by the defendant’s counsel that the plaintiff should have new assigned, and he refers to 1 Chit. Pl. 603, where it is said, in an action for an escape, if the defendant plead a negligent escape and voluntary return, the plaintiff should new assign a subsequent escape. Chitty cites 1 B. & P. *98 413, (Griffiths v. Eyles.) That case has been recently under the consideration of this court; and one point there adjudicated was held not to be law in this state, if in Englan (6 Cowen, 732, The Middle District Bank v. Deyo.) ■ This last case also is now referred to as establishing the course to be, that where the defendant pleads a voluntary return, the plaintiff should new assign. In that case, the declaration contained three counts all alike, except that the escapes were alleged to be on different days. To each count the defendant pleaded a voluntary return, and that the defendant kept the prisoner until he assigned him to his successor; to which the plaintiff replied that the defendant did not keep the prisoner in manner and form, &c. The plaintiff proved five escapes before suit brought, though when the suit was commenced the prisoner was in custody of the new sheriff. The judge at the trial adopted the rule laid down in Griffiths v. Eyles, and instmcted the jury, that if, after the escapes in the declaration and the returns of the prisoner, he had made other escapes, the plaintiffs were entitled to recover. We decided that, under those pleadings, the defendant was at liberty to show a voluntary return after every escape proved, and that the defence was complete on proving a voluntary return before suit brought, and that the prisoner was in custody when the action was commenced. Mr.. Justice Woodworth, in giving the opinion of the court, speaks of the pleadings, and *says that the defendant is not bound to do more than to give an answer to the escapes in the declaration.
Again, it is there said that the day is not material, and that the defendant may apply his plea to such escapes as he thinks proper, and that this latitude might have been restricted by the replication relying upon certain identical escapes. And again, if the plaintiffs relied upon a subsequent escape, they should have new assigned.
These remarks were all just, as applied to that case, or any other, where more escapes are proved and relied on than are set forth in the declaration. But when the judge says that the defendant may apply his plea to such escape as he thinks proper, he did not mean to say, nor can such *99 a ~onstruetion be fairly given to his language, that a defendant, under a plea of voluntary return, might justify one escape by showing another and previous esape, and a return, though when Suit brought, he was at large. The whole argument of the judge in that case is to show that a return before, and. an imprisonment when the suit was brought, is a bar. Nor is there any thing in that case to show the necessity of a new assignment, where but one escape is alleged or proved.
If the doctrine contended for by the defendants be correct, the plaintiff must always new assign after a plea of voluntary return or recaption; and if the same plea should be put in to the new assignment, the plaintiff must new assign again, and so on to ties quoties; for the plaintiff knows not how often the prisoner may have- escaped previous to the escape- for which he has brought his action.
The rule undoubtedly is, that the defendant may apply his plea to the last escape, if his proof will support it; and he might have done so in this case. That he did not offer to do. But he made another offer, which was to show a voluntary return under the plea of the general issue without notice, when he had a plea which would have justified the evidence. This was properly rejected, such evidence being inadmissible under the general issue.
The motion for a new trial must be denied.
New trial denied.